LARRY L. JESKE, Corporation Counsel Oconto County
You have requested my opinion whether the Clerk of Courts may invest money being held pending court appearance and trial in connection with traffic and municipal ordinance violations.
It is my opinion that he cannot. The funds are specifically identifiable to an account. The payor is identifiable and would be entitled to a return of the funds at the time of court appearance in most cases.
Section 59.42 (14), Stats., is a specific statute relating to the temporary investment of funds in the hands of the Clerk of Courts, was created by ch. 43, Laws of 1969, and provides:
 "(14) INVESTMENT OF FUNDS NOT IDENTIFIABLE. The clerk may invest any funds paid into his office and which are being held for repayment, but which are not specifically identifiable to any account because of their necessary intermingling with related transactions. Such investments shall be made in suitably protected accounts in the same manner as a trustee would be required to invest funds held in trust, and all income that may accrue shall be paid into the county general fund."
The language used is difficult, but it appears that it was intended to cover situations where a sum of money is deposited with the court *Page 57 
for custodial purposes pending determination of the right to the funds deposited or to a portion thereof. See sec. 59.89 (1), Stats., as to disposition of unclaimed funds.
Property held in connection with property settlement sales in divorce cases may in some cases qualify for investment where right to ownership has not been determined and where there are conflicting claims.
In view of secs. 59.73 (3), 59.395 (5), 59.15 (1) (b), and other statutes relating to the prompt payment of funds to the county treasurer, there would not be sizable funds available for investment by the clerk from sources other than trust funds, the ownership of which is not specifically identifiable because of their "necessary intermingling with related transactions."
RWW:RJV